DISTRICT OF OREGON
**F I L E D**
**May 02, 2014**

**Clerk, U.S. Bankruptcy Court**

Below is an Order of the Court.

FRANK R. ALLEY
U.S. Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| In re | ) | Case No. 14-61510-fra11 |
| | ) | |
| Michael E. Noonan and | ) | FIRST INTERIM ORDER AUTHORIZING USE |
| Karin M. Noonan, | ) | OF CASH COLLATERAL AND GRANTING |
| | ) | ADEQUATE PROTECTION |
| Debtors-in-Possession. | ) | |

THIS MATTER came before the Court on April 24, 2014 on Debtors-in-Possession, Michael E. and Karin M. Noonan's ("Debtors") Motion for Entry of Interim and Final Orders Authorizing Use of Cash Collateral ("Motion") (Docket No. 5), for interim authority to use cash collateral, it appearing due and adequate notice under the circumstances having been given, and the Court having heard the representations and argument of counsel, and being otherwise fully advised,

The Court finds:

A.    Debtors will suffer immediate and irreparable harm if they are not permitted to use up to $142,721.14 of Cash Collateral on an interim basis for the period from April 23, 2014 through and including May 3, 2014.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

B.    The following creditors:  Rabo Agrifinance, Inc. ("RAF");  Cooperative

Regions of Organic Producer Pools ("CROPP") (Debtors believe this creditor's claim is

subject to offset(s) which exceed amount of claim); Zupan Farm Partnership; and the

Internal Revenue Service (claim of lien is disputed for failure to file a notice of lien as of

the Petition Date); the Oregon Department of Revenue (claim of lien is disputed for

failure to file notice of lien as of the Petition Date) (collectively the "Lien Creditors" or

each a "Lien Creditor"), assert security interest/liens upon the Cash Collateral as of the

Petition Date:

| UCC Lien Creditor | Est. Amount |
|---|---|
| Rabo Agrifinance, Inc.<br>12443 Olive Blvd, Suite 50<br>St. Louis, MO  63141 | $11,114,975.00 |
| Cooperative Regions of Organic Producer Pools<br>One Organic Way<br>La Farge, WI  54639 | $77,580.00 |
| Zupan Farm Partnership<br>9230 Hopedale Ct.<br>Portland, OR  97229 | $130,000.00 |

NOW, THEREFORE, it is ORDERED as follows:

1.    Debtors are authorized to use Cash Collateral of $142,721.14 for the period

from April 23, 2014 through and including May 3, 2014 in accordance with the attached

Budget (**Exhibit 1**).  Debtors' authority to use Cash Collateral is limited to the amounts

and uses of cash collateral as set forth in the Budget; together with a 10% cumulative

variance.

2.    As adequate protection, the Lien Creditors are each granted a replacement

lien upon all postpetition assets of the Debtors which are of the same kind as Debtors'

prepetition collateral including the 2014 potato and barley crops, with such liens to

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

retain the same priority vis-à-vis other Lien Creditors as existed on the Petition Date.

The Court reserves the right to eliminate or modify such replacement lien as to the

2014 potato crop and barley crop for reasonable cause upon request of any interested

party after notice and opportunity to object is provided to the Lien Creditors, the U.S.

Trustee, the creditors committee (or alternatively the 20 largest unsecured creditors if

there is no creditors committee) and all parties who have requested special notice.

     3.    In the event any of the Lien Creditors determine that it is not adequately

protected, such Lien Creditor may seek to terminate cash collateral usage on shortened

time, but not less than ten (10) business days notice of the Motion shall be provided to

Debtors prior to any hearing thereon.  While Debtors agree that they shall not oppose

any order shortening time sought by a Lien Creditor (so long as not less than ten (10)

business days notice is provided), Debtors reserve all of their rights to oppose any such

application.

     4.    If, notwithstanding the adequate protection provided by the terms of this

Order, the Lien Creditors, or any of them, have a claim allowable under 11 U.S.C. §

507(a)(2) arising from the stay of action against property of Debtors under 11 U.S.C. §

362, from the use, sale or lease of such property under 11 U.S.C. § 363, or from the

granting of the replacement lien granted herein, then such Lien Creditor's Claim under

11 U.S.C. § 507(a)(2) shall have priority over every other claim under such subsection

as provided by 11 U.S.C. § 507(b).

     5.    Nothing in this Order shall be construed to (a) prejudice a right of  any party

in interest (including Debtors) to contest the validity, priority or extent of the  liens or

security interests of any party in any collateral or in the proceeds thereof, as of,  on or

after the Petition Date; (b) grant a security interest in the debtors-in-possession or

**Page 3 of 7** -  FIRST INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE
     PROTECTION (VBC - April 30, 2014 (4:46pm))

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

trustee's avoidance powers; (c) convert any pre-petition obligations into post-petition obligations; (d) require payment of any obligations on confirmation of a plan of reorganization; (e) alter, improve, limit or impair the rights, if any, of parties claiming to have rights of reclamation against Debtors, or their assets or (f) enhance the secured position of any creditor as of the Petition Date.

6.      In the event of the appointment of a Chapter 11 trustee, or conversion or dismissal of the case, the Debtors' right to use Cash collateral shall terminate, unless otherwise ordered by the Court; provided, however, that any subsequent Chapter 11 trustee or Chapter 7 trustee shall be bound by paragraph 2, herein.  In the event of a material breach of the cash collateral order, which is not cured by Debtors within 10 days of written notice thereof to the Debtors, Debtors' right to use cash collateral will terminate, unless otherwise ordered by the Court after notice and hearing.

7.      Debtors are authorized to execute and deliver to the Lien Creditors such instruments considered by the Lien Creditors to be necessary or desirable to perfect the security interests and liens given to the Lien Creditors herein, and the Lien Creditors are authorized to receive, file and record the same.

8.      For the period from April 23, 2014 through May 3, 2014, Debtors shall provide each Lien Creditor who so requests a weekly reconciliation report no later than one week in arrears, which report will compare actual cash receipts and disbursements to the budgeted amounts.  The form of the weekly comparison report of actual results to budgeted results will be in the same form as the Interim Budget attached to this Order. The comparison report will be delivered to the Lien Creditors on Tuesday of each week and shall reflect results from the prior week on a Sunday to Saturday basis, with the first report due on May 6, 2014 for the post-petition period ending May 3, 2014.  In addition

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

to the foregoing, commencing on May 7, 2014, and on every other Wednesday thereafter, Debtors will provide the Lien Creditors a "Position Report" showing the present status of Debtors' assets, signed by Debtors as true and correct, in the same form as Debtors were providing RAF before the bankruptcy petition was filed.

9.    Nothing contained in this Order shall constitute a determination as to the amount, validity or priority of any pre-petition obligation, security interest or lien and all rights of parties in interest to claim that any pre-petition lien or security interest in Debtors' property is unperfected, unenforceable, invalid or voidable, are reserved. Additionally, nothing in this Order shall constitute an admission or acknowledgment by Debtors that any party has a valid or perfected lien in the cash of Debtors now existing or subsequently received, and the references herein to "Cash Collateral" are without prejudice to all rights, defenses and claims of Debtors to contend that any party does not have a perfected lien or security interest in such cash.

10.    Debtors shall not sell "cull cattle" or any of the cows or heifers without first giving the Lien Creditors a minimum of three (3) business days notice.  The Lien Creditors shall retain their rights to object to such sales and/or object to use of proceeds to the extent inconsistent with the Interim Budget.

11.    Without limiting Debtors' rights to make cash on delivery payments to any creditor for goods or services purchased  within the scope of the Interim Budget, shall have the authority to make cash on delivery payments for purchases of product from CROPP.  Debtors may expend sums up to the maximum amounts shown in the line items within the Interim Budget for "haylage" and "alfalfa hay" for purchases of such product from CROPP.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

12.    CROPP's customers are allowed to take delivery of up to 75 tons of hay that is stored by Debtors and labeled as CROPP's hay prior to the preliminary hearing scheduled for May 2, 2014.  If, however, it is subsequently determined that CROPP does not have an ownership interest in such hay, CROPP shall promptly pay the estate the contract price (between Debtors and CROPP) for such hay.

13.    To the extent RAF and/or CROPP have made demands on any person owing money to the Debtors to pay with checks issued jointly to Debtors and/or such creditors, RAF and CROPP shall: (1)  promptly send written retractions of each such demand or (2) shall authorize the recipients of such prior demands to authorize such persons to make their payments directly to the Debtors.

14.    All cash and checks received by the Debtors relating to their farming/dairy operations and/or sale of farm and dairy assets will be deposited in the Debtors' "Farm" DIP account.  Once Debtors have established the Farm DIP account, they shall promptly notify the Lien Creditors of the identity of the depository bank holding the Farm DIP account.  Nothing in this Order shall prohibit Debtors from establishing additional DIP accounts for "non-farm" purposes, such as for holding and disbursing the funds applicable to Debtors' draws and reasonable and necessary living expenses, and for segregating property rents for those secured creditors who hold liens in the rents from Debtors' residential rental properties.  Without limiting the replacement lien granted to Lien Creditors elsewhere in this Order, all amounts deposited in the Debtors' DIP account(s) which are proceeds of a Lien Creditor's collateral shall be impressed with such Lien Creditor's liens which shall have the same priority as existed on the Petition Date, without prejudice to the Debtors' or other interested parties' rights to challenge the extent, validity and priority of such claimed liens.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

15.    Upon request, Debtors shall provide the applicable Lien Creditor with copies of or access to all records generated with respect to the Debtors' DIP account(s), including without limitation, copies of monthly statements and copies of checks.

16.    Prior to the final hearing on Debtors' Motion, the Debtors will provide RAF and its agents with reasonable access to Debtors' properties and books for purposes of inspection and copying, during normal business hours, upon 3 business days notice.

17.    To the extent that Debtors have insurance covering Debtors' grass and hay crops, whether growing or in inventory, Debtors will promptly take steps to have RAF and CROPP added as an additional named insured to the policy coverages.

18.    Further hearing and consideration of Debtors' Motion is adjourned to **May 2, 2014 at 10:00 a.m.** before the **Honorable Frank R. Alley** in **Courtroom No. 6**, **United States Bankruptcy Court for the District of Oregon, Eugene Division, 405 E 8th Ave.,  #2600, Eugene, Oregon**.

###

I certify that I have complied with the requirements of LBR 9021-1(a)(2)(A).

PRESENTED BY:

/s/Robert J Vanden Bos
Robert J Vanden Bos OSB #78100
VANDEN BOS & CHAPMAN, LLP
319 S.W. Washington, Suite 520
Portland, Oregon  97204
Telephone:  (503) 241-4869
Fax: (503) 241-3731

Of Attorneys for Debtors-in-Possession

**First Class Mail:**
See Attached List

**Electronic Mail:**

The foregoing was served on all CM/ECF participants through the Court's Case Management/ Electronic Case File system.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Michael and Karin Noonan
Farming Operation Budgets
BUDGET #1

CASH COLLATERAL SUMMARY

| | Expenses Through 5/3/14 |
|---|---|
| Dairy | $ 26,433.40 |
| Alfalfa | $ 30,471.00 |
| Grass | $ 10,310.24 |
| Overhead | $ 75,506.50 |
| Total | $ 142,721.14 |

**EXHIBIT 1 - Page 1 of 5**                    4/30/2014  1:40 PM

Michael and Karin Noonan
Farming Operation Budgets
BUDGET #1

**DAIRY BUDGET**

| INCOME | April 20th/ April 26th | April 27th/ May 3rd | Total |
|---|---|---|---|
| MILK | $ 47,500.00 | $ 47,500.00 | $ 95,000.00 |
| COWS | $ - | $ - | $ - |
| Rental Income - 11597 Spring Lake Road (Lender-Sayles) | $ 300.00 | $ 300.00 | $ 600.00 |
| FUNDING SOURCES: | $ - | $ - | $ - |
| Crop Loan | $ - | $ - | $ - |
| Crop Advances | $ - | $ - | $ - |
| Potatoes/Potato Proceeds: ($500,000.00 available) | $ - | $ - | $ - |
| 2013 Grass Hay: ($0.00 available) | $ - | $ - | $ - |
| Pre-Petition A/R: ($0.00 available) | $ - | $ - | $ - |
| 3rd Party Retainer Payment: ($150,000.00 available) | $ - | $ - | $ - |
| TOTAL INCOME | $ 47,800.00 | $ 47,800.00 | $ 95,600.00 |

| EXPENSES | | | |
|---|---|---|---|
| Land Sales Contract/Sayles | $ - | $ - | $ - |
| Property Taxes - 11597 Spring Lake | $ - | $ - | $ - |
| CULL Potatoes | $ - | $ - | $ - |
| Haylage | $ - | $ - | $ - |
| Alfalfa Hay | $ - | $ 6,600.00 | $ 6,600.00 |
| Barley Grain | $ 4,095.00 | $ 4,095.00 | $ 8,190.00 |
| ALL West | $ 650.00 | $ 650.00 | $ 1,300.00 |
| Vet Services | $ 131.50 | $ 131.50 | $ 263.00 |
| Excell Dairy | $ 2,500.00 | $ 2,500.00 | $ 5,000.00 |
| Bedding | $ 500.00 | $ 500.00 | $ 1,000.00 |
| Waste MGMNT | $ 92.70 | $ 92.70 | $ 185.40 |
| American Sanitation | $ 80.00 | $ 80.00 | $ 160.00 |
| Pacific Power | $ 750.00 | $ 750.00 | $ 1,500.00 |
| Fuel | $ 1,000.00 | $ 1,000.00 | $ 2,000.00 |
| Labor | $ - | $ - | $ - |
| Employer Liability | $ - | $ - | $ - |
| Cindy A1 Service | $ 117.50 | $ 117.50 | $ 235.00 |
| Overhead Expense Allocation | | | $ - |
| TOTAL EXPENSES | $ 9,916.70 | $ 16,516.70 | $ 26,433.40 |

| | | | |
|---|---|---|---|
| Difference | $ 37,883.30 | $ 31,283.30 | 69,166.60 |
| Running Total: | $ 37,883.30 | $ 69,166.60 | |

**EXHIBIT 1 - Page 2 of 5**　　　　　　　　　　　　　　　　　　4/30/2014  1:40 PM

Michael and Karin Noonan
Farming Operation Budgets
BUDGET #1

**Alfalfa Budget**

| INCOME | April 20th/ April 26th | April 27th/ May 3rd | Total |
|---|---|---|---|
| OV/Sarben | $ - | $ - | $ - |
| Rental Income - 7751 Dehlinger Ln (Lender - Negrevski) | $ 800.00 | $ 800.00 | $ 1,600.00 |
| FUNDING SOURCES: | $ - | $ - | $ - |
| Crop Loan | $ - | $ - | $ - |
| Crop Advances | $ - | $ - | $ - |
| Potatoes/Potato Proceeds: ($500,000.00 | $ - | $ - | $ - |
| 2013 Grass Hay: ($0.00 available) | $ - | $ - | $ - |
| Pre-Petition A/R: ($0.00 available) | $ - | $ - | $ - |
| 3rd Party Retainer Payment: ($150,000.00 | $ - | $ - | $ - |
| **TOTAL INCOME** | **$ 800.00** | **$ 800.00** | **$ 1,600.00** |

| EXPENSES | | | |
|---|---|---|---|
| Land Sales Pymt - Negrvski | $ 1,260.00 | $ 1,260.00 | $ 2,520.00 |
| Land Sales Pymt - Negrvski | $ - | $ - | $ - |
| Property Taxes - 7751 Dehlinger Ln | $ - | $ - | $ - |
| Manning -Land Sales Contr | $ - | $ - | $ - |
| Mitchells - Rent | $ - | $ - | $ - |
| Ritters - Rent | $ - | $ - | $ - |
| Viets - Rent | $ - | $ - | $ - |
| Weyerhauser - Rent | $ - | $ - | $ - |
| Garrett - Rent | $ - | $ - | $ - |
| Henzels -Rent | $ - | $ - | $ - |
| Martins - Rent | $ - | $ - | $ - |
| **Labor** | | | $ - |
| Jose Rodriquez | $ - | $ - | $ - |
| Tim Jayne | $ - | $ - | $ - |
| Miguel Hernandez | $ - | $ - | $ - |
| Jaime Vargas | $ - | $ - | $ - |
| Eliseo Gil | $ - | $ - | $ - |
| Felipe Galvan | $ - | $ - | $ - |
| John Horn | $ - | $ - | $ - |
| James Howard | $ - | $ - | $ - |
| Josh Jensen | $ - | $ - | $ - |
| Employer Liability | $ - | $ - | $ - |
| Vern Jensen/Contract | $ - | $ - | $ - |
| Fuel | $ - | $ 500.00 | $ 500.00 |
| Grease | $ - | $ - | $ - |
| Power | $ 1,090.86 | $ 1,909.14 | $ 3,000.00 |
| Misc Parts | $ 1,090.86 | $ 1,109.14 | $ 2,200.00 |
| Irrigation Assesments | $ 11,125.50 | $ 11,125.50 | $ 22,251.00 |
| Twine | $ - | | $ - |
| Barn Rent | $ - | | $ - |
| Overhead Alfalfa Allocation | $ - | $ - | $ - |
| Overhead Allocation - Other | $ - | $ - | $ - |
| **TOTAL EXPENSES** | **$ 14,567.22** | **$ 15,903.78** | **$ 30,471.00** |
| | | | |
| **DIFFERENCE:** | **$ (13,767.22)** | **$ (15,103.78)** | **$ (28,871.00)** |
| **RUNNING TOTAL:** | **$ (13,767.22)** | **$ (28,871.00)** | |

**Alfalfa Fields**
**(by acres)**

| | |
|---|---|
| Mikes Field | 160 |
| Mitchells | 80 |
| Negreski | 30 |
| Henzels | 800 |
| Ritter | 700 |
| Viets | 50 |
| Walsh | 48 |
| Martins | 73.5 |
| Weyerhauser | 200 |
| Air Landing Strip | 25 |
| Garrett | 24.5 |
| **TOTAL** | **2191** |

2191 acres x 4 = 8764 ton

**EXHIBIT 1 - Page 3 of 5**                    4/30/2014 1:40 PM

Michael and Karin Noonan
Farming Operation Budgets
BUDGET #1

**Grass Fields**

| | | | |
|---|---|---|---|
| | | | 1440 ton @ |
| Mikes Field | 120 | Acres | $40.00 |
| | | | 300 ton @ |
| Weyerhauser | 150 | Acres | $200.00 |
| **TOTAL** | **270** | Acres | |

NOTES:

**Grass Budget**                    All Grass expected to go to the Dairy

| INCOME | April 20th/ April 26th | AprilL 27th/ May 3rd | | Total | |
|---|---|---|---|---|---|
| | | | | | |
| FUNDING SOURCES: | | | | | |
| Crop Loan | $ - | $ - | $ - | $ - | |
| Crop Advances | $ - | $ - | $ - | $ - | |
| Potatoes/Potato Proceeds: ($500,000.00 available) | $ - | $ - | $ - | $ - | |
| 2013 Grass Hay: ($0.00 available) | $ - | $ - | $ - | $ - | |
| Pre-Petition A/R: ($0.00 available) | $ - | $ - | $ - | $ - | |
| 3rd Party Retainer Payment: ($150,000.00 | $ - | $ - | $ - | $ - | |
| **Total Income** | **$ -** | **$ -** | **$ -** | **$ -** | |

| EXPENSES | April 20th/ April 26th | April 27th/ April 30th | May 1st/ May 3rd | Total |
|---|---|---|---|---|
| Power | $ 348.24 | $ 426.00 | $ 536.00 | $ 1,310.24 |
| Labor | $ - | $ - | $ - | $ - |
| Employer Liability | $ - | $ - | $ - | $ - |
| Land Sales Contract/Mannin | $ - | $ - | $ - | $ - |
| Rent/JWTR | $ - | $ - | $ - | $ - |
| Bags | $ - | $ - | $ - | $ - |
| Irrigation Assesments | $ 4,500.00 | $ 4,500.00 | $ - | $ 9,000.00 |
| Twine | $ - | $ - | $ - | $ - |
| Fuel | $ - | $ - | $ - | $ - |
| **TOTAL** | **$ 4,848.24** | **$ 4,926.00** | **$ 536.00** | **$ 10,310.24** |
| | | | | |
| **DIFFERENCE** | **$ (4,848.24)** | **$ (4,926.00)** | **$ (536.00)** | **$ (10,310.24)** |
| **RUNNING TOTAL:** | **$ (4,848.24)** | **$ (9,774.24)** | **$ (10,310.24)** | |

**EXHIBIT 1 - Page 4 of 5**                                    4/30/2014  1:40 PM

Michael and Karin Noonan

Farming Operation Budgets

BUDGET #1

OVERHEAD EXPENSES

| INCOME | | April 20th/ April 26th | April 27th/ May 3rd | Total |
|---|---|---|---|---|
| FUNDING SOURCES: | | $ - | $ - | |
| Crop Loan | | $ - | $ - | $ - |
| Crop Advances | | $ - | $ - | $ - |
| Potatoes/Potato Proceeds: ($500,000.00 available) | | $ - | $ - | $ - |
| 2013 Grass Hay: ($0.00 available) | | $ - | $ - | $ - |
| Pre-Petition A/R: ($0.00 available) | | $ - | $ - | $ - |
| 3rd Party Retainer Payment: ($150,000.00 available) | | $ - | $ - | $ - |
| TOTAL INCOME | | $ - | $ - | $ - |

| EXPENSES | | April 20th/ April 26th | April 27th/ May 3rd | Total |
|---|---|---|---|---|
| Health Insurance | | $ - | $ - | $ - |
| Owner Draw | | $ 1,250.00 | $ 1,250.00 | $ 2,500.00 |
| Saif | | $ - | $ 2,000.00 | $ 2,000.00 |
| Insurance- All | | $ - | $ - | $ - |
| Bank Service Charge | | $ 400.00 | $ 400.00 | $ 800.00 |
| Misc | | $ 250.00 | $ 250.00 | $ 500.00 |
| Utilities/Telephone | | $ 1,187.50 | $ 1,187.50 | $ 2,375.00 |
| | | | | $ - |
| Equipment Rental | | $ 250.00 | $ 250.00 | $ 500.00 |
| Equipment PYMNTS | | $ - | $ - | $ - |
| Fees trip permits/Reg | | $ 600.00 | $ 600.00 | $ 1,200.00 |
| Office Expense | | $ 250.00 | $ 250.00 | $ 500.00 |
| Life Insurance PYMNTS | | $ - | $ - | $ - |
| Professional Fees | | $ - | $ - | $ - |
| Wages (total payroll) | | $ - | $ 47,297.66 | $ 47,297.66 |
| Employer Taxes | | $ - | $ 5,397.59 | $ 5,397.59 |
| Uncashed payroll checks | | $ - | $ 1,689.29 | $ 1,689.29 |
| Walmart Returned Paychecks | | $ - | $ 10,746.96 | $ 10,746.96 |
| Buffy Office Labor | | $ - | $ - | $ - |
| Tanya Office Labor | | $ - | $ - | $ - |
| Employee Liabilities | | $ - | $ - | $ - |
| TOTAL EXPENSES | | $ 4,187.50 | $ 71,319.00 | $ 75,506.50 |
| DIFFERENCE: | | $ (4,187.50) | $ (71,319.00) | $ (75,506.50) |
| RUNNING TOTAL: | | $ (4,187.50) | $ (75,506.50) | |

Allocation:

| | | | | |
|---|---|---|---|---|
| Dairy | 12.12% | $ 507.71 | $ 8,647.06 | $ 9,154.78 |
| Alfalfa | 33.45% | $ 1,400.66 | $ 23,855.29 | $ 25,255.95 |
| Grass | 2.30% | $ 96.20 | $ 1,638.49 | $ 1,734.70 |
| Grain | 34.76% | $ 1,455.52 | $ 24,789.51 | $ 26,245.03 |
| Potato | 17.37% | $ 727.40 | $ 12,388.65 | $ 13,116.05 |
| Total | 100% | $ 4,187.50 | $ 71,319.00 | $ 75,506.50 |

**EXHIBIT 1 - Page 5 of 5**                    4/30/2014  1:40 PM

In re Michael E. and Karin M. Noonan;
Chapter 11 Bankruptcy Case No.14-61510-fra11

**Debtors:**

Michael E. Noonan
Karin M. Noonan
12080 Homedale Road
Klamath Falls, OR  97603

**20 Largest Unsecured Creditors:**

Alsco Inc.
PO Box 1330
Red Bluff, CA  96080

Basin Fertilizer
Attn:  Bill Gaser
PO Drawer X
Merrill, OR  97633

John Bair Farm & Dairy
John Bair, Owner
4960 Lombardy Ln
Klamath Falls, OR 97603

Ed Staub & Sons
Attn:  Brad Staub
PO Box 488
Klamath Falls, OR  97601

Excel Dairy Svc
Clyde Fox, Registered Agent
2725 Old Hwy 99 S
Mt Vernon, WA 98273

Floyd A. Boyd
Attn:  Donny Boyd
21600 Hwy 39
Merrill, OR  97633

Irrigation Rentals
Kenneth C. Heiber, President
PO Box 297
Red Bluff, CA  96080

JW Kems
4360 Hwy 39
Klamath Falls, OR  97603

Northstate Packaging
Keith
POB 511
Merrill, OR 97633

Rabo Bank Credit Card
Accounts Receivable
POB 31535
Tampa, FL  33631

Rabo Agrifinance, Inc.
Aaron Bixby, Sr. Special Asset
Mgr.
12443 Olive Blvd, Suite 50
St. Louis, MO  63141

Rain for Rent
Attn:  Gil
Commercial Trade
5330 Office Center Ct.
Bakersfield, CA  93389

RS Energy
Accounts Receivable
20915 SW 105th Ave.
Tualatin, OR  97062

Sar-Ben Farms
PO Box 356
St. Paul, OR  97137

Sheldons Machine Shop
Attn:  Stacy
PO Box 125
Klamath Falls, OR  97601

Solar Heights Enterprises LLC
Attn: John Lucas
111 West 52nd Ave.
Eugene, OR  97405

Stateline Parts Supply, Inc.
Attn:  Kathy
PO Box 944
Merrill, OR  97633

Volm/Credit Mediators, Inc.
Attn:  Dan Cartel
PO Box 456
Upper Darby, PA  19082

Warnke Farms
Dennis Warnke
PO Box 256
Ashton, ID  83420

Zupan Farm Partnership
Pete Zupan, Owner
9230 Hopedale Ct
Portland, OR  97229

**Lienholders:**

Rabo Agrifinance, Inc.
12443 Olive Blvd, Suite 50
St. Louis, MO  63141

John Casey Mills
Miller Nash LLP
111 SW 5th Ave Ste 3400
Portland, OR  97204
Of Attorneys for Rabo Ag., Inc.

Cooperative Regions of
Organic Producer Pools
One Organic Way
La Farge, WI  54639

Brandy A. Sargent
STOEL RIVES LLP
900 SW 5th Ave Ste 2600
Portland, OR  97204
Of Attorneys for CROPP

Zupan Farm Partnership
Pete Zupan, Owner
9230 Hopedale Ct
Portland, OR  97229

Justin D. Leonard
111 SW Columbia, Ste 1100
Portland, OR 97201
Of Attorneys for Zupan Farm

Negrevski, Michael & Dai Lene
188 Dahlia St.
Klamath Falls, OR  97601

Michael Wayne Grant
DOJ Civil Enf Civil Recovery
1162 Court St NE
Salem OR  97301

**Electronic Mail:**

The foregoing was served
on all CM/ECF participants
through the Court's Case
Management/Electronic
Case File system.